IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EARL RICHARD; family [STANFIELD] JR., | ) ) ) |
| Petitioner, | ) ) |
| v. | ) C.A. No. 22-921 (MN) ) |
| BILL FRITZLEN, | ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Earl Richard Stanfield, Jr., Yreka, CA – *Pro Se* Petitioner

David C. Weiss, United States Attorney and Claudia L. Pare, Assistant United States Attorney, Wilmington, Delaware – Counsel for Respondent

November 16, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Petitioner Earl Richard Stanfield, Jr. ("Petitioner"), who appears *pro se*, filed this action as a petition for writ of mandamus. (D.I. 1). Currently pending is Respondent Bill Fritzlen's motion to dismiss filed on October 11, 2022. (D.I. 10). Petitioner did not respond.

I. **BACKGROUND**

The following facts are taken from the Petition and assumed to be true for purposes of deciding the pending motion. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Petitioner lives in California. (D.I. 1 at 1). This is action is brought against Bill Fritzlen, a Department of State officer in the Special Consular's Office in Washington, D.C. (*Id.*). The Petition asserts jurisdiction by reason of U.S.C. Title 22-Foreign Relations and Intercourse. (*Id.* ¶ IX).

Petitioner "declares he is a citizen held hostage/imprisoned by a foreign government" by "*i.e.* the rogue Delaware Corporation, the State of California et al agents, James Kirk Andrus et al agents" all of whom do not have a congressional mandate to do so. (*Id.* ¶ VII). It goes on to allege that the State of California is operating against the laws of Delaware. (*Id.*). Petitioner asks this Court to exercise jurisdiction, issue a writ of mandamus, or in the alternative, procure his unconditional release. (*Id.* at 1).

Respondent moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[1] (D.I. 10).

---

[1] Federal courts are courts of limited jurisdiction and only have the power to hear cases that arise under federal law or that meet the requirements for diversity jurisdiction (*see* 28 U.S.C. §§ 1331 & 1332). Federal Rule of Civil Procedure 12(h)(3) requires dismissal of an action if, at any point, the Court determines that it lacks subject matter jurisdiction.

II. **LEGAL STANDARDS**

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the petitioner's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the petitioner's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017). When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

III. **DISCUSSION**

Respondent indicates that Petitioner appears to be incarcerated at Mule Creek State Prison in California. (D.I. 10 n.2). Respondent observes that while styled as a petition for a writ of mandamus, Petitioner seems to seek a writ of habeas corpus to obtain release from incarceration. (*Id*. at 3). Respondent moves for dismissal for lack of subject matter jurisdiction on the grounds that the District of Delaware is not Petitioner's district of confinement; he did not identify any state court proceedings seeking habeas relief and this Court lacks jurisdiction due to Petitioner's failure to exhaust state court remedies; and he seeks relief from the wrong party.

To the extent Petitioner seeks a petition for a writ of mandamus, the allegations fall short. Pursuant to 28 U.S.C. § 1361 "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency

thereof to perform a duty owed to the plaintiff." Mandamus relief is generally considered "a drastic one, to be invoked only in extraordinary situations" where government officials have clearly failed to perform nondiscretionary duties. *Kerr v. U.S. District Court*, 426 U.S. 394, 402 (1976); *see also Cheney v. United States Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004). To obtain mandamus relief, a plaintiff must demonstrate the lack of any other adequate remedy. *Mallard v. U.S. District Court for So. District of Iowa*, 490 U.S. 296, 309 (1989); *see also Mote v. United States Dist. Ct. for Middle Dist. of Pennsylvania*, 858 F. App'x 39, 40 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 906 (2022). Additionally, writs of mandamus are only available to compel "a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." *Harmon Cove Condominium Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987).

The Petition fails to show that Respondent, a State Department employee, owes any duty to Petitioner. Nor does the Petition demonstrate the lack of any other adequate remedy. Indeed, to the extent Petitioner seeks release from custody he has other forms of relief available to him, such as seeking habeas relief.

To the extent Petitioner seeks relief in the form of release from custody from the State of California, there is no indication that Petitioner was convicted and/or sentenced in Delaware. A petitioner may bring his application for a writ of habeas corpus "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). "The plain language of the habeas statute [] confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld*

*v. Padilla*, 542 U.S. 426, 443 (2004). This Court does not have jurisdiction to grant the relief Petitioner seeks.

In addition, Respondent cannot provide Petitioner the relief he seeks. The proper respondent in a habeas petition is "the person who has custody over the petitioner." *Rumsfeld*, 542 U.S. at 434. The Petition does not allege that Respondent is that person. Rather, it alleges that he is an employee of the Department of State in Washington, D.C.

For the reasons stated above, this Court has determined that it does not have subject matter jurisdiction and, therefore, Respondent's motion to dismiss will be granted. It is not plausible that Petitioner may be able to articulate a claim against Respondent and, therefore, this Court finds amendment futile.

### IV. <u>CONCLUSION</u>

For the above reasons, the Court will grant Respondent's motion to dismiss. (D.I. 10). Amendment is futile.

An appropriate order will be entered.

4